Case 1:19-cv-00137  Document 19  Filed on 03/10/20 in TXSD  Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
March 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANDRES ANTONIO GARZA, § | |
|    Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:19-cv-137 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|    Respondent. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Andres Antonio Garza's "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (hereinafter, Garza's "Petition" or "§ 2254 Petition"). Dkt. No. 1. The Respondent has filed a "Motion for Summary Judgment with Brief in Support" (hereinafter, the Respondent's "Motion"), which asks the Court to dismiss Garza's Petition as time-barred. For the reasons stated below, it is recommended that the Court: (1) **DISMISS** Garza's Petition as time-barred; (2) direct the Clerk of Court to **CLOSE** this case; and (3) **DECLINE** to issue a certificate of appealability.

### I.    Jurisdiction

The Court has jurisdiction over the subject matter, and the parties pursuant to 28 U.S.C. § 2241 and § 2254, which provides that jurisdiction is proper where the

inmate is confined, or where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000).

## II.   Background and Procedural History

On April 13, 2016, Garza was indicted for murder[1] and aggravated assault causing substantial bodily injury with a weapon,[2] both filed as enhancement counts, in the 107th Judicial District of Cameron County, Texas. Dkt. No. 16-4 at 4–6. The indictment alleged that Garza ignited a flammable liquid to cause the death of Stephany Reza on September 20, 2014. *Id.* On April 27, 2017, Garza entered a guilty plea to one count of aggravated assault in the second-degree without enhancements in exchange for a term of imprisonment not to exceed twenty years and a ten-thousand dollar fine. *See* Dkt. No. 16-4 at 21–24. The Honorable Arturo Cisneros Nelson, Presiding Judge of the 138th Judicial District Court, sentenced Garza to fifteen years of imprisonment on May 23, 2017. *See* Dkt. No. 16-4 at 14. A Judgment Nunc Pro Tunc[3] was entered on June 27, 2017. Dkt. No. 16-4 at 9–12. Garza did not file a direct appeal to challenge his conviction. *See* Dkt. No. 1 at 3.

On May 10, 2018, Garza filed a pro se state application for a writ of habeas corpus (hereinafter, Garza's "State Habeas Application" or "State Application") pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Dkt. No. 16-4 at

---

[1] TEX. PENAL CODE § 19.02(b)(1).

[2] TEX. PENAL CODE § 22.02(b)(1).

[3] The original judgment "by inadvertence reflect[ed] an incorrect offense convicted of and Count of Indictment." Dkt. No. 16-4 at 9.

27. In his State Application, Garza raised four grounds for relief: (1) the State violated *Brady v. Maryland* and Texas Code of Criminal Procedure § 39.14, when it failed to disclose exculpatory evidence; (2) Garza's due process rights to confront and impeach witnesses were denied; (3) the State failed its duty under Texas Code of Criminal Procedure § 2.01 to "not secrete facts or witness capable of establishing the innocence of the defendant," and (4) that his trial counsel, Enrique C. Juarez, rendered ineffective assistance of counsel. Dkt. No. 16-4 at 32–39. The Texas Court of Criminal Appeals denied his State Application without a written order on February 27, 2019. Dkt. No. 16-1. Garza filed his instant § 2254 Petition on July 9, 2019. Dkt. No. 1.

### III.    Legal Standards

**A.    Antiterrorism and Effective Death Penalty Act**

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[4] govern petitions brought under 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 335–36, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based on a claim that was adjudicated on the merits by a state court unless the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in State

---

[4] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

court proceeding." *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 97–98, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

Codified as amended at 28 U.S.C. § 2244(d), the AEDPA also provides for a one-year limitations period applicable to petitions filed under 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481. Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the existence of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In "rare and exceptional circumstances," a § 2254 petitioner may be entitled to an equitable tolling of his AEDPA limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 117 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (same). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied" and that the determination is "made on a case-by-case basis." *Id.* at 650, 652. The Fifth Circuit further explained that "equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant…or is prevented in some extraordinary way from asserting his rights.'" *Jones v. Stephens*, 541 Fed. Appx. 499, 503 (5th Cir. 2013) (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). "The petitioner bears the burden of providing that he is entitled to equitable tolling." *Williams v. Thaler*, 400 Fed. Appx. 886, 889 (5th Cir. 2010) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)). Determining whether to apply the equitable tolling doctrine requires courts to make a "judgment call," and the decision is "an exercise of discretion by the district court." *Alexander v. Johnson*, 294 F.3d 626, 630 (5th Cir. 2002).

Additionally, if a petitioner can demonstrate his actual innocence, he may overcome the bar to review created by the AEDPA limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). As the Supreme Court held in *McQuiggin v. Perkins*, a tenable claim of actual innocence serves as a gateway through which a petitioner may pass despite the fact that his claims are untimely. *Id*. Still, tenable actual innocence claims are rare, and the petitioner may not proceed through the gateway unless he produces new, reliable evidence of his innocence. *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

B.   **Federal Rule of Civil Procedure 56–Summary Judgment**

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S. Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Nevertheless, Rule 56's application in the federal habeas context differs from its application in "the average civil case." *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004)). As the Fifth Circuit has explained:

> [T]he rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Smith v. Cockrell*, 311 F.3d at 668.

### IV. Discussion

Respondent Davis filed her Motion on January 3, 2020. Dkt. No. 17. In her Motion, Davis argues that Garza's claims are time-barred by the AEDPA's one-year statute of limitations, and that, to the extent that Garza raises a claim of actual

innocence, Garza's claims lack merit and are unsupported by the record, and he otherwise waived his claims when he pleaded guilty. *Id.* at 11–13. Davis also claims that Garza has exhausted his available state remedies. *Id.* at 3.

Pursuant to Local Rule 7.3, Garza had until January 24, 2020, to file a response to Respondent's Motion. *See* S.D. Tex. Local Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). Garza has not filed a reply to Respondent's Motion, despite being provided with an opportunity to do so. *See* Dkt. No. 4. Local Rule 7.4 provides that a failure to respond to a motion "will be taken as a representation of no opposition." S.D. Tex. Local Rule 7.4. Nevertheless, "a district court may not grant summary judgment by default simply because there is no opposition to the motion[.]" *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016); *Solis v. Wal-Mart Stores E., L.P.*, No. B-07-205, 2010 WL 968150, at *1–2 (S.D. Tex. Mar. 11, 2010) (same). To obtain summary judgment when the nonmoving party has failed to respond, the movant must demonstrate an entitlement to summary judgment as a matter of law. *Atain Specialty Ins. Co.*, 226 F. Supp. 3d at 813 (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. 1985)).

### A. Timeliness of Garza's Petition

The AEDPA one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Garza's final judgment of conviction was entered on June 27, 2017. Dkt. 16-4 at 9. Garza, then, had until July 27, 2017 to file a notice of direct appeal, which he failed to do. Tex. R. App. P. 26.1 ("The notice of appeal must be within 30 days after the judgment is signed[.]"). Consequently, Garza's conviction became "final" for purposes of the AEDPA on July 27, 2017. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("[A] conviction becomes final when the time for seeking further direct review in state court expires."). Thus, assuming no tolling provisions apply, Garza had until July 27, 2018 to file his § 2254 Petition. *See* 28 U.S.C. § 2244(d)(1)(A). Garza filed his Petition on July 9, 2019, nearly one year after the statute of limitations had expired. Dkt. No. 1 at 11. Absent tolling, Garza's Petition was filed outside the one-year limitations period and would therefore be time-barred.

### B. Statutory Tolling Applies to Garza's Petition

Under the AEDPA, the time period during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. 28 U.S.C. § 2244(d)(2). Here, Garza filed his State Application on May 5, 2018, which tolled the AEDPA limitations period. Dkt. No. 16-4 at 40. Garza, then, had 83 days remaining to file his § 2254 Petition. Garza's State Application was pending from the date it was filed, until the Texas Court of Criminal Appeals denied his State Application on February 27, 2019. Dkt. No. 16-1 at 1. Garza is entitled to statutory tolling during the time his State

Application was pending. *See* 28 U.S.C. § 2244(d)(2); *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009) ("[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided."). Based on the statutory tolling of his AEDPA limitations period, Garza's newdeadline to file his § 2254 Petition was extended by 83 days to May 22, 2019. Garza, however, did not file his Petition until July 9, 2019, 48 days after the expiration of his AEDPA limitations period. Garza's § 2254 Petition remains untimely and subject to dismissal, unless he is entitled to equitable tolling.

### C.  Garza is Not Entitled to Equitable Tolling

In addition to statutory tolling, the one-year limitations period may be equitably tolled "in rare and exceptional circumstances." *Manning v. Epps*, 668 F.3d 177, 183 (5th Cir. 2012); *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling "does not lend itself to bright-line rules, but [courts] draw on general principles to guide when equitable tolling is appropriate." *Id.* The petitioner seeking equitable tolling bears the burden of establishing that he is entitled to it. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Here, Garza's pro se submissions do not allege that he is entitled to equitable tolling or point to any evidence to infer that he is entitled to equitable relief. *See* Dkt. No. 1 at 9. Moreover, Garza has failed to provide any objection or response to

Respondent's Motion. Without a reference that some "extraordinary circumstance" prevented him from filing his Petition, the Court finds that Garza is not entitled to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."). Unexplained delays are not evidence of due diligence nor do they qualify as an extraordinary circumstance. *Fisher*, 174 F.3d at 715. Garza, then, has not shown "rare and exceptional circumstances" that warrant equitable tolling.

### D.  Garza's Request to Prove Actual Innocence

In his Petition, Garza does not claim actual innocence as a ground to overturn his state conviction. *See generally* Dkt. No. 1. Instead, Garza asserts his innocence by claiming *Brady* violations based on "evidence was favorable to defendant and intentionally withheld by the State prosecutor for 2 years" and "I would like to have a new trial to prove my innocents, of this wrongful prosecution[.] *Id.* at 6 –7 (changes to formatting, errors in original); *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). As noted above, if a petitioner can demonstrate his actual innocence, he may overcome the bar to review created by the AEDPA limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). In *McQuiggin v. Perkins*, the Supreme Court held that a tenable claim of actual innocence serves as a gateway through which a petitioner may pass despite the fact that his claims are untimely. *Id.* Still, tenable actual innocence claims are

rare, and the petitioner may not proceed through the gateway unless he produces new, reliable evidence of his innocence. *Id.* A petitioner asserting an actual innocence claim must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty. *See House v. Bell*, 547 U.S. 518, 536–37, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).

Garza has not offered newly discovered evidence, or even argued that a reasonable juror would have found him not guilty. Moreover, because Garza pleaded guilty in his state criminal trial, he waived his *Brady* claims. *See* Dkt. No. 16-3 at 2, 4; *U.S. v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) ("[A] guilty plea precludes the defendant from asserting a *Brady* violation."). Garza has failed to show that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, he may not overcome the bar set by 28 U.S.C. § 2244(d)(1)(A). *See Schlup v. Delo*, 513 U.S 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); *McQuiggin*, 569 U.S. at 386 (same). Therefore, Garza has failed to establish a tenable claim of actual innocence, and his Petition should be dismissed with prejudice.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This requires "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Said differently, where claims have been dismissed on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Garza has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the foregoing reasons, it is recommended that: (1) Garza's Petition be **DISMISSED WITH PREJUDICE** as time-barred; (2) the Clerk of Court be directed to **CLOSE** this case; and (3) the Court **DECLINE** to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

**SIGNED** on this 10th day of March, 2020, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**